HARVARD LAW SCHOOL LIBRARY

## John Taylor *v.* George W. Beavers.

Where a bill of lading stipulated for the payment of freight "at the rate of one 100 + dolls. per ton," and the freighter paid $1 10 per ton on receiving his goods; in an action brought by him to recover back ten cents per ton, on the ground of overpayment by mistake; *held,* that the bill of lading itself was not alone sufficient to show that the rate agreed upon was but one dollar per ton, and that, on the contrary, the words and characters above recited, raised a presumption of a higher rate.

*Held,* further, that the meaning of the instrument and the intention of the parties as to the rate, were, under the circumstances, open to parol proof, and that slight evidence was sufficient to fix the amount at $1 10 per ton.

To sustain an action for the recovery of money paid by mistake, the mistake must be clearly proved.

THE defendant brought the action before this court, by appeal from the Sixth District Court. The case clearly appears in the opinion.

*Wm. W. Niles* and *S. V. Bagley*, for the defendant.

*William McDermot*, for the plaintiff.

BY THE COURT. DALY, J.—The plaintiff having paid to the agent of the defendant the freight upon 206 tons of coal, upon its arrival in the city from Philadelphia, at the rate of one dollar and ten cents a ton, brought this action to recover $20 60, upon the ground that the rate of freight agreed upon at the place of shipment, and specified in the bill of lading, was $1 per ton, and that he had, consequently, overpaid the defendant's agent to the amount stated, $20 60.

All that the plaintiff relied upon to show that the freight was by agreement but $1 per ton, was a duplicate bill of lading, in which the freight is stated to be " at the rate of one 100 + dolls. per ton."

The mark + placed over the fractional figures 100, before the word " dollars," is relied upon by the defendant as indicating the tenth part of a dollar, or ten cents. The additional evidence in the case is, that the master of the barge in which the coal was shipped told the shipper in Philadelphia that he would not carry it at one dollar per ton; that his price was one dollar and ten cents, and they then told him to shove to the pier and get ready to load. That he signed the duplicate bill of lading produced in court, without reading it, and that he understood the sign + on the bill of lading to mean more. In addition to this, it appeared by the testimony of the captain's agent, who collected the freight, that the rate of freight on the day when the plaintiff paid the bill was $1 10, and that he thought that the price of freight on the original bill of lading, which had been lost, was $1 10.

It was for the plaintiff to make out his case, and I do not see that, upon the evidence, he established such a case as en-

Taylor *v.* Beavers.

titled him to recover. The mark + over the fractional figures 100, inserted or coming between the word " one" and the word " dolls.," certainly meant something; and I think the justice had no right to presume, as matter of law, that these ciphers meant nothing, and that the bill of lading showed that the price per ton was $1. At least they placed the matter in that state of doubt as either made it obligatory upon the plaintiff to remove it, or entitled the defendant, upon the other testimony in the case, to insist that they meant $1 10 cents a ton, or, at all events, more than one dollar. It was consistent with the testimony of the defendant to assume either that the + was used as a decimal mark, that is, the Roman numeral to denote one tenth of a dollar in addition, or that it was the ordinary or common sign for plus—more— used to indicate a fractional increase, to be determined by the rate of freight when the carriage was complete.

But it is sufficient to say, that it is the duty of a party who brings an action to recover for money paid by mistake, to make out clearly that there was a mistake. Here the freight was paid by the plaintiff, after it was adjusted, upon inspecting the bill of lading. One witness swears that the computation was made upon the bill of lading. In no view, therefore, upon any proof submitted to the justice, could it be regarded as a case of mistake. The judgment must be reversed.

Judgment reversed.